UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


Allecia Hammons,                         )        CASE NO:  5:25-cv-01158
                                         )
            Plaintiff,                   )        JUDGE JOHN ADAMS
                                         )
v.                                       )        **OPINION AND ORDER**
                                         )
State of Georgia, *et al.*,              )
                                         )
                                         )
            Defendants.                  )


     *Pro se* plaintiff Allecia Hammons filed this action against the State of Georgia, John Foster, III, Judge Kimberly Boehm, and Christopher Carr. (Doc. No. 1). For the following reasons, this action is dismissed.

## I. Background

     On June 3, 2025, Plaintiff filed a brief complaint containing disjointed, obscure, and conclusory statements. Such statements included the following: I am afraid of local police enforcement; I have had buck shots come at me; I am being violated by the State of Georgia officials and Stark County officials; knowing I am a licensed gun holder, they have shown up at my housing, hospital visits, been caught trying to make back deals against me; the State of Georgia violated my rights; medical doctors … judge in my case have lied constantly; "discrimination, deprived my constitutional rights, fraud, gross fraud, mismanagement…"; and the State of Georgia has come to Ohio and have people harassing me … interfering with my medical care.  (Doc. No. 1 at 3, 4; Doc. No. 1-1 at

4). Plaintiff lists as the basis for federal jurisdiction "State of Georgia has no immunity, fraud, discrimination, constitutional rights deprived, violation of HIPPA, Section 242 of Title 18, violation of protected rights-EEOC." (Doc. No. 1-1).

On July 30, 2025, Plaintiff filed a supplement to her complaint. (Doc. No. 3). In this supplement, she indicates that she wishes to file a "Title 18 conspire Cleveland Clinic and State of Georgia violating my civil rights." (*Id.*). She appears to claim that the Cleveland Clinic and the State of Georgia have "created a false hospital," are keeping her against her will, and she wants to leave the "make believe psych ward." (*Id.* at 1). Additional statements include: the State of Georgia is illegally getting help from the Cleveland Clinic; Chris Carr has been trying to turn people in Ohio against me; and attorney Katerine Pacid from Georgia is sitting here in the mental ward with me without her teeth in. (Doc. No. 3 at 3, 5). Plaintiff attaches a notice of a psychiatric hearing from the Cuyahoga County Probate Court, suggesting involuntary commitment. (*See id.* at 9).

Plaintiff requests monetary relief, medical care for life, and "all harassment to stop immediately." (Doc. No. 1 at 5).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court is required to hold Plaintiff's complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir.2005) (citing *Haines*, 404 U.S. at 520). However, the lenient treatment accorded *pro se* litigants "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements and

courts are not obligated to conjure allegations on their behalf or construct claims for them. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (finding that requiring courts "to explore exhaustively all potential claims of a pro se plaintiff . . . would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party").

Furthermore, federal courts are courts of limited jurisdiction, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988) (citing Fed. R. Civ. P. 12(h)(3)); *Curry v. US. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006) (same) (citing *Owens*, 860 F.2d at 1367). District courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

*Sua sponte* dismissal is also authorized where the asserted claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *See id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

3

### III. Discussion

Plaintiff's complaint, even liberally construed, fails to contain allegations suggesting a cognizable claim within the jurisdiction of this Court based on recognized legal authority. *See, e.g., Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Additionally, Plaintiff fails coherently to identify how each defendant harmed her. And Plaintiff's sparse factual allegations are at times wholly incredible and irrational. *See Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (a finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or wholly incredible ..."); *Apple*, 183 F.3d at 479*; In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Moreover, to the extent Plaintiff alleges the defendant violated 18 U.S.C. § 242 (deprivation of civil rights), Section 242 is a criminal statute and provides no private right of action to civil plaintiffs. *See Bey v. State of Ohio*, No. 1:11 CV 1306, 2011 U.S. Dist. LEXIS 119867, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011) (citing *U.S. v. Oguaju*, 76 Fed. App'x. 579, 2003 WL 21580657, *2 (6th Cir. 2003)). And to the extent Plaintiff is attempting to bring criminal charges against the defendants, she lacks standing. *See Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (A private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts.") (citing among authority *Diamond v. Charles*, 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986)); *Poole v. CitiMortgage, Inc.*, Civil Action No. 14-CV-10512, 2014 U.S. Dist. LEXIS 135488, 2014 WL 4772177, at *5 (E.D. Mich.

Sept. 24, 2014) (a private citizen lacks standing to initiate criminal proceedings) (citing among authority *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)).

Plaintiff's claims are so implausible and devoid of merit that the Court is deprived of jurisdiction. *Apple*, 183 F.3d at 479.

### IV. Conclusion

Accordingly, the Court dismisses this action pursuant to the Court's authority established in *Apple v. Glenn*. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

September 3, 2025                          ___/s/ John R. Adams_____
                                          JUDGE JOHN R. ADAMS
                                          UNITED STATES DISTRICT COURT